IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**BOBBY GENE ELLIS, JR**                                                              **PETITIONER**
*REG #14746-010*

V.                            CASE NO. 2:22-cv-00010-BSM-JTK

**JOHN P YATES**                                                                       **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

I.      Introduction

On December 27, 2021, Bobby Gene Ellis, Jr, an inmate in the Federal Correctional Institution of the Bureau of Prisons ("BOP"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) In the petition, Mr. Ellis challenges the manner in which the BOP calculated his sentence. Specifically, he argues that he is entitled to prior custody credit for time spent in state custody to be applied to his federal sentence.

Rather than filing a response, Respondent, Warden John Yates, filed a Motion to Hold the Deadline to File His Response in Abeyance on March 18, 2022. (Doc. No. 7) For good cause, that

motion was granted by this Court. (Doc. No. 9) On September 1, 2022, Respondent filed a response to Mr. Ellis's petition, stating that the relief requested by Mr. Ellis was granted by the BOP and, as such, his petition should be missed as moot. (Doc. No 10)

Additionally, Mr. Ellis was released from BOP custody on February 17, 2023. FED. BUREAU OF PRISONS, *Find an inmate.: BOP Register Number 14746-010*, https://www.bop.gov/inmateloc/ (last visited August 2, 2023).

## II. Discussion

Pursuant to 28 U.S.C. § 2241, a writ of habeas corpus shall not extend to a prisoner unless he is "in custody." *See Copley v. Keohane*, 150 F.3d 827, 829 (8th Cir. 1998) (when a prisoner is no longer in custody, there is no entity the Court can order to effect release, therefore petitioner's § 2241 petition is moot); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody. . . "); *Ku S. v. Secretary, Dep't. of Homeland Security*, 2020 WL 8083657, *2 (D. Minn. Dec. 15, 2020) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)).

The United States Supreme Court has held that the only proper respondent in a § 2241 petition is the inmate's custodian—i.e., the warden of the facility where the prisoner is confined. *See Rumslfield v. Padilla*, 542 U.S. 426, 434-35 (2004) ("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'") (emphasis in original) (quoting *Wales v. Whitney*, 114 U.S. 564,

574 (1885)).

Mr. Ellis was released from custody on February 17, 2023. As such, he is not entitled to relief under § 2241 because his release has rendered the petition moot.

### III.     Conclusion

For the reasons set forth above, IT IS RECOMMENDED the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed with prejudice.

DATED THIS 3rd day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE